**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWIN OSVALDO LOPEZ GUZMAN,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting United States
Attorney General; TODD M. LYONS;
Acting Director of Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement; and
GEORGE DEDOS, Warden of Torrance
County Processing Center,

     Respondents.

Case No. 1:26-cv-01248-MIS-GBW

<u>**ORDER TO SHOW CAUSE AND ENJOINING TRANSFER**</u>

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Edwin Osvaldo Lopez Guzman on April 22, 2026. ECF No. 1. Petitioner is an immigration detainee at the Torrance County Detention Center. <u>Id.</u> ¶ 16. Petitioner is a citizen of Mexico, <u>see</u> Pet. Ex. A. at 2, ECF No. 1-2, who entered the United States in 2023. Pet. ¶ 69, ECF No. 1. Petitioner was employed in Minnesota before his detention. <u>Id.</u> Petitioner's fiancé is a U.S. Citizen and he and his fiancé have received "approval from ICE for a marriage ceremony." <u>Id.</u> Petitioner has no criminal history and "has resolved [a] traffic petty misdemeanor [for] driving too closely." <u>Id.</u> ¶ 70. Petitioner was detained on January 5, 2026 at "gunpoint" without "lawful basis." <u>Id.</u> ¶ 71.

Petitioner was initially detained in Minnesota before being transferred to the Torrance County Processing Center in New Mexico where he remains in detention under 8 U.S.C. § 1225(b)(2)(A). <u>Id.</u> ¶ 79, 126. Petitioner filed an initial habeas petition in Minnesota prior to his

transfer. Id. ¶ 11. Petitioner was denied bond in New Mexico on February 26, 2026 due to "flight risk, speculative form of relief if any at all, manner of entry, and asylum time barred." Id. ¶ 11. After the bond denial, Petitioner and the Government "jointly moved to dismiss the [initial] petition, leading to a joint dismissal without prejudice." Id. In the instant Petition, Petitioner "does not seek review of any discretionary bond determination; instead, [Petitioner] challenges the lawfulness of Petitioner's arrest and detention on constitutional and statutory grounds." Id. ¶ 33.

Petitioner seeks a declaration that his "detentive stop" and "warrantless arrest," violate his constitutional and statutory rights and a declaration that his "deprivation of liberty through his unlawful stop and arrest" violates his Fifth Amendment rights. Id. at 36. As a remedy Petitioner seeks an order for immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days. Id. Petitioner also asks the Court the issue an order to show cause. Id.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 5.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition**

**without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE