**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDWIN OSVALDO LOPEZ GUZMAN,

      Petitioner,

v.

                                        Case No. 1:26-cv-01248-MIS-GBW

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting United States
Attorney General; TODD M. LYONS;
Acting Director of Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement; and
GEORGE DEDOS, Warden of Torrance
County Processing Center,

      Respondents.

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Edwin Osvaldo Lopez Guzman's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 22, 2026. Respondents

Markwayne Mullin, Todd Blanche, Todd M. Lyons, and Mary De Anda-Ybarra ("Federal

Respondents"),[1] filed a Response on May 6, 2026, ECF No. 10. Upon review of the Parties'

submissions, the record, and the relevant law, the Court will DENY the Petition.

Counsel for Respondents first argues that 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a),

applies to Petitioner, but acknowledges "that this Court has reached the opposite conclusion in

---

[1]      Respondent George Dedos did not file a response or otherwise appear in this case. It has become
standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the
federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of
Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear
at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition
at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) on facts substantially similar to those currently before the Court." Resp. at 2, ECF No. 10. Counsel argues that this case is distinguishable because (1) Petitioner received an "adequate bond hearing" which is not subject to review under 8 U.S.C. § 1226(e) and (2) "Petitioner's claims concerning an unlawful 'detentive stop' and warrantless arrest should be disregarded as such claims are not bases for habeas relief." Id. at 3. The Court finds § 1226(a) applies to Petitioner but agrees that Petitioner has received an adequate bond hearing and the circumstances of his arrest are not a basis for the habeas relief requested.

Petitioner submitted a previous petition for a writ of habeas corpus on January 16, 2026, based on Petitioner being held pursuant to § 1225(b)(2)(A) rather than § 1226(a). See generally Lopez Guzman v. Bondi, Case No. 1:26-cv-00089-JB-GJF, ECF No. 1 (D.N.M. Jan. 16, 2026). On February 26, 2026, Petitioner filed notice informing the court that since "a bond hearing was held on February 26, 2026 . . . [and] [b]ond was denied on the basis that Petitioner posed a flight risk[,] . . . [t]his resolves the habeas petition and there is no need for further adjudication." Lopez Guzman, Case No. 1:26-cv-00089-JB-GJF, ECF No. 12. The court granted the parties' joint stipulation and motion for voluntary dismissal and dismissed the petition without prejudice. Lopez Guzman, Case No. 1:26-cv-00089-JB-GJF, ECF Nos. 13, 16.

In the instant Petition, Petitioner reiterates his claim that he is being held improperly under § 1225(b)(2)(A) and should instead be under § 1226(a). Pet. ¶¶ 125-28, ECF No. 1. Petitioner also argues that the circumstances of his arrest "raise[] distinct constitutional and statutory claims based on . . . excessive force unreasonable gunpoint stop and excessive force warrantless gunpoint seizure." Id. ¶ 12; see also id. ¶¶ 80-124. Petitioner seeks a declaration that his "detentive stop" and "warrantless arrest" violate his constitutional and statutory rights and a declaration that his

"deprivation of liberty through his unlawful stop and arrest" violates his Fifth Amendment rights. Id. at 36. As a remedy Petitioner seeks an order for immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days. Id.

As to Petitioner's request for a bond hearing, the Court finds Petitioner is subject to § 1226(a) but has already received an adequate bond hearing. The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry. The Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), insomuch as § 1226(a) governs Petitioner's detention. Petitioner, however, has already received a bond hearing as required by § 1226(a), at which the Immigration Judge (IJ) made a discretionary decision finding Petitioner to be a flight risk. Resp. at 10, ECF No. 10. As a result of that decision, Petitioner stipulated to the dismissal of his previous petition for habeas corpus. See id. As Petitioner acknowledged the adequacy of the bond hearing by stipulating to the dismissal of his previous petition, the Court has no reason to doubt that the bond hearing satisfied the requirements under § 1226(a). And, per § 1226(e), the Court has no jurisdiction to review the merits of the bond denial decision made on February 16, 2026. See Grant-Davis v. De Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court has no basis to order an additional bond hearing and Petitioner's request for one is denied.

As to Petitioner's claims that the circumstances of his arrest justify release as a remedy, he is incorrect. Petitioner was arrested by ICE agents on January 5, 2026 in Corcoran, Minnesota. Pet. ¶ 2, ECF No. 1; Resp. at 3, ECF No. 10. The agents, without warning, ran towards the construction

3

work truck Petitioner was in and began pounding on the windows with weapons in their hands. Decl. of Gavyn Peter Lund ¶¶ 2-4, ECF No. 3. The agents pointed the weapons at the occupants and, after the driver unlocked the doors, opened the doors and continued pointing their weapons at the occupants. Id. ¶ 5. The agents forcibly removed the driver, U.S. citizen Gavyn Lund, who is not Latin, and asked him his name. Id. ¶ 7. After his reply, the agents released Mr. Lund and took Petitioner and Petitioner's cousin, who was also in the truck, into custody. Id. ¶ 8. The agents did not identify themselves, did not articulate a lawful basis for the stop, and did not display a warrant. Pet. ¶ 3, ECF No. 1. After the arrest, Petitioner admitted to the agents he was in the United States without legal immigration status. Resp., Ex. C at 1, ECF No. 10-3.

Without a doubt, the circumstances of Petitioner's arrest are an embarrassment to the agents involved, to Immigration and Customs Enforcement, to the Department of Homeland Security, and to the United States federal government. It is unclear, however, whether the arrest was unlawful.[2] And even if Petitioner's arrest was unlawful, release is not a remedy for an unlawful immigration arrest. I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a

---

[2]    Agents may use the totality of the circumstances to determine whether there is a reasonable suspicion that an individual is in the United States without immigration status. Noem v. Vasquez Perdomo, 146 S. Ct. 1, 3 (2025) (Kavanaugh, J. concurring). If an agent has a reasonable suspicion an individual is without immigration status, they may stop that individual for "brief questioning." Id. Among the totality of the circumstances is the type of work the individual conducts. Id. Justice Kavanaugh also lists ethnicity as a relevant factor if "considered along with other salient factors." Id. In Trump v. Illinois, however, Justice Kavanaugh writes that "officers must not make interior immigration stops or arrests based on race or ethnicity." 146 S. Ct. 432, 436 n.4 (2025). The Court takes this to mean that ethnicity stops being a permissible factor somewhere between the border and the interior of the country. The location of Justice Kavanaugh's line, and whether it lies beyond Corcoran, Minnesota, remains a mystery. If agents were unable to use Petitioner's ethnicity, they apparently stopped Petitioner based on his status as a construction worker. See Decl. of Gavyn Peter Lund ¶¶ 3-8, ECF No. 3. On its own, that may be a sufficient factor to create reasonable suspicion. See Vasquez Perdomo, 146 S. Ct. at 3.

Petitioner also alleges agents violated a consent decree regarding warrantless arrests, Pet. ¶ 25, ECF No. 1, but that decree applies only to "persons arrested without a warrant for a civil violation of U.S. Immigration laws within the area of responsibility of the ICE Chicago Field Office," Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1053 (7th Cir. 2025). Minnesota is not under the ICE Chicago Field Office. Chicago Field Office, U.S. Immigration and Customs Enforcement (May 7, 2026), https://www.ice.gov/field-office/chicago-field-office.

defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); see Lopez v. Burke, 413 F.2d 992, 993–94 (7th Cir. 1969) ("The bare occurrence of a defective arrest, without more, supplies no grounds for release upon habeas corpus from imprisonment upon conviction.").

At most, an unlawful immigration arrest may impact the admissibility of the evidence obtained in its wake. See Lopez-Mendoza, 468 U.S. at 1051 (holding evidence is not excluded where the underlying alleged illegal arrest was peaceful). Here, however, Petitioner conceded his unlawful immigration status, Pet. Ex. A at 2, 4-5, ECF No. 1-2, and is not challenging his admission of his unlawful status to officers, Pet. at 36, ECF No. 1. He is challenging his custody and requesting release. Id. Release is not available and Petitioner's request for relief is denied.

Accordingly, it is **HEREBY ORDERED** that Petitioner Edwin Osvaldo Lopez Guzman's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE